UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. 6:21-cv-00914

ANDREW A. ARMSTRONG,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** ANDREW A. ARMSTRONG, by and through his undersigned counsel, complaining of Defendant MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. ANDREW A. ARMSTRONG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Ocoee, Florida.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a debt collection agency. Defendant maintains its principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff applied for and was approved for a Capital One credit card.

12. Plaintiff used this card to make household and personal purchases, amassing a balance ("subject debt").

13. Due to unforeseen financial circumstances, Plaintiff was unable to pay his obligation to Capital One.

14. Eventually, Capital One charged off the account.

15. Shortly thereafter, the subject debt was assigned to Defendant for collections.

16. In or around February 2020, Plaintiff started receiving calls from Defendant.

17. When these phone calls began, Plaintiff believed that Defendant was a debt relief company and not a debt collector.

18. In or around November 2020, once Plaintiff became aware that Defendant was not a debt relief company but a debt collection company, Plaintiff asked Defendant to stop calling him.

19. At that point, Defendant's phone calls ceased for approximately one month.

20. Unfortunately, in February 2021, Defendant again began to place calls to Plaintiff.

21. In total, Defendant has placed no less than 40 phone calls to Plaintiff since he requested that the phone calls cease.

22. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

23. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

24. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

25. Paragraphs 1-24 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of 15 U.S.C. §1692c**

26. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

27. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

28. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

29. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §§ 1692d and d(5) when it placed approximately 40 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

32. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

33. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, ANDREW A. ARMSTRONG, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

34.    Paragraphs 1-33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.  Violation(s) of Fla. Stat. § 559.72(7)

35.    Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

36.    Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop.  See Waite v. Fin. Recovery Servs., Inc., 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

37.    Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, ANDREW A. ARMSTRONG, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: May 26, 2021                                  Respectfully submitted,

**ANDREW A. ARMSTRONG**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com